D9952 - W27

IN THE COMMON PLEAS COURT OF FRANKLIN COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| DON J. OGEZ<br>712 Hossier Street<br>North Vernon, IN 47265 | : <br> : <br> : | CASE NO.<br><br>JUDGE: |
| and | : | |
| PHYLLIS OGEZ<br>712 Hossier Street<br>North Vernon, IN 47265 | : <br> : <br> : | **10CVC 04  6130** |
| Plaintiffs, | : | |
| vs. | : | COMPLAINT FOR PERSONAL<br>INJURIES WITH JURY DEMAND<br>ENDORSED HEREON |
| TS TECH NORTH AMERICA, INC.<br>c/o John C. Beeler<br>41 S. High St.<br>Columbus, OH 43215 | : <br> : <br> : | |
| and | : | |
| HASTINGS MUTUAL INSURANCE<br>COMPANY<br>404 E. Woodlawn Ave.<br>Hastings, MI 49058-1091 | : <br> : <br> : | FILED<br>COMMON PLEAS COURT<br>FRANKLIN CO. OHIO<br>2010 APR 21 PM 3: 57<br>CLERK OF COURTS-CV |
| Defendants. | : | |

## FIRST CLAIM FOR RELIEF

1.  Defendant, TS Tech North America, Inc. (hereinafter "TS Tech"), is a corporation located at 8458 E. Broad Street, Reynoldsburg, OH 43068, and is licensed to do business in Franklin County, State of Ohio.



EXHIBIT B

D9952 - W28

2. On or about May 1, 2008, Plaintiff, Don J. Ogez, was a an employee/contractor of Defendant, TS Tech, at the aforementioned location, and was under course and scope of his employment, when he was injured following a fall from a ladder which had greasy/oily residue on it, making it slippery, unsafe and dangerous.

3. Defendant, TS Tech, had a duty to maintain its premises in a reasonably safe condition, to inspect its premises in a manner designed to discover dangerous and hazardous conditions, and to provide a warning to the public regarding the existence of dangerous and hazardous conditions to wit: greasy/oily ladder.

4. Defendant, TS Tech, was negligent in the maintenance and care of its premises in that it failed to keep them free from dangerous greasy/oily substances; to wit: greasy/oily ladder, creating a hazardous and dangerous condition.

5. Defendant, TS Tech, was negligent in it failed to conduct any regular inspection of its premises, thereby failing to discover and correct/repair defective condition which presented a hazard to the public, generally and Plaintiff, Don J. Ogez, specifically.

6. Defendant, TS Tech, was negligent in the maintenance and care of its premises in that it failed to properly design, construct, and/or erect caution signs or otherwise warn the public generally, and Plaintiff, Don J. Ogez, specifically, of hazardous conditions resulting from its inadequate maintenance activities, to wit: greasy/oily ladder.

7. As the proximate result of the negligence of Defendant, TS Tech, Plaintiff, Don J. Ogez, sustained injuries and damages as follows:

   a. Severe and permanent injuries to his person including, but not limited to his pelvis, right shoulder and massive contusions along the right side of his body;

   b. Great pain and suffering both physical and emotional, and loss of ability to perform usual functions and will cause him further pain and suffering and loss of ability to perform usual functions in the future;

   c. Reasonable and necessary medical expenses in an amount in excess of $105.717.98 and further medical expenses likely to be incurred in the future;

   d. Lost wages in an amount not yet determined and further lost wages to be incurred in the future.

8. The aforesaid negligence of Defendant, TS Tech, was the proximate result of the injuries and damages to Plaintiff, Don J. Ogez.

WHEREFORE, Plaintiff, Don J. Ogez, demands judgment against Defendant, TS Tech North America, Inc., in an amount in excess of $25,000.00, plus interest and cost of this action.

D9952 - W29

## SECOND CLAIM FOR RELIEF

9. Plaintiffs incorporate herein each and every allegation contained in the First Claim for Relief as though fully rewritten herein.

10. As a proximate result of the occurrence as set forth in the First Claim for Relief, Plaintiff, Phyllis Ogez, has lost the services, companionship, love, affection, comforts, consortium, and joys of her spouse, Don J. Ogez.

11. The aforesaid negligence of Defendant, TS Tech, was the direct and proximate cause of the injuries and damages to Plaintiff, Phyllis Ogez.

**WHEREFORE**, Plaintiff, Phyllis Ogez, demands judgment against Defendants, TS Tech North America, Inc., in an amount in excess of $25,000.00, plus interest and cost of this action.

## THIRD CLAIM FOR RELIEF

12. Plaintiffs incorporate herein each and every allegation contained in the First and Second Claims for Relief as though fully rewritten herein.

13. Defendant, Hastings Mutual Insurance Company, may have paid medical expenses and loss of income to Plaintiff, Diane Baker, in connection with a claim filed by Plaintiff, Don J. Ogez.

14. As a result, Defendant, Hastings Mutual Insurance Company, has a vested interest in the within action in accordance with its statutory claim of subrogation.

15. Defendant, Hastings Mutual Insurance Company, is being joined in this action to defend and protect its claim of subrogation.

**WHEREFORE**, Plaintiffs, Don J. Ogez and Phyllis Ogez, request Defendant, Hastings Mutual Insurance Company, to appear and represent its interest in the within action or be forever barred from pursuing its claim to subrogation.

Sincerely Submitted,

DYER, GAROFALO, MANN & SCHULTZ

Kenneth J. Ignozzi, Esq. (0055431O)
Attorney for Plaintiff
131 N. Ludlow Street, Suite 1400
Dayton, OH 45402
(937) 223-8888
(937) 824-8630 fax
kignozzi@dgmslaw.com

D9952 - W30

## JURY DEMAND

Now come Plaintiffs, by and through counsel, and hereby demand a trial by jury on all issues of this matter.

Sincerely Submitted,

DYER, GAROFALO, MANN & SCHULTZ

Kenneth J. Ignozzi, Esq. (0055431 0)
Attorney for Plaintiff
131 N. Ludlow Street, Suite 1400
Dayton, OH 45402
(937) 223-8888
(937) 824-8630 fax
kignozzi@dgmslaw.com